## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1940 | **DATE** | April 18, 2008 |
| **CASE TITLE** | *Nautilus Insurance v. Fasteel* | | |

**DOCKET ENTRY TEXT:**

The complaint is dismissed due to the plaintiff's failure to establish diversity jurisdiction properly. The plaintiff may file an amended complaint, consistent with this order, by no later than May 2, 2008.

■[ For further details see text below.]

### STATEMENT

    The plaintiff's complaint invokes diversity of citizenship grounds. *See* 28 U.S.C. § 1332. The court has reviewed the jurisdictional allegations in the complaint pursuant to *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("the first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged").

    In order for the court to have diversity jurisdiction over a case, the complaint must allege that (1) the amount in controversy exceeds $75,000, exclusive of costs and interest and (2) the parties are completely diverse. 28 U.S.C. § 1332. With respect to the individual defendants, the complaint alleges that they are all residents of Illinois. This is insufficient, as citizenship, not residency, is what matters for diversity jurisdiction. *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996) ("[w]hen the parties allege residence but not citizenship, the court must dismiss the suit").

    Accordingly, the complaint is dismissed due to the plaintiffs's failure to establish diversity jurisdiction properly. The plaintiffs may file an amended complaint, consistent with this order, by no later than May 2, 2008.

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|