**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FASTEEL, INC., IGBALLE BEGOLLI and ROBERT LUCIW,<br><br>Defendant. | ) | No. 08 CV 1940 |

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Defendant FASTEEL, INC. by its attorneys, Spina, McGuire & Okal, P.C., and for its Answer to the Plaintiff's Complaint for Declaratory Judgment, states as follows:

**JURISDICTION**

1. Plaintiff Nautilus is an Arizona insurance company, with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260.

**ANSWER:** Defendant admits the allegations of Paragraph One.

2. Defendant Fasteel is an Illinois corporation, with its principal place of business at 5300 Main Street, Downers Grove, Illinois 60515.

**ANSWER:** Defendant admits only that it is an Illinois corporation with its principal place of business at 607 W. Chicago Street in Plainfield, Illinois 60544.

3. Defendant Igballe Begolli is an Illinois resident, whose primary place of residence is located at 15209 Hamlin Street, Plainfield, Illinois 60544.

**ANSWER:** Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph Three and, accordingly, can neither admit nor deny the same.

4. Defendant Robert Luciw is an Illinois resident, whose primary place of residence is located at 2130 N. Lawler, Chicago, Illinois 60639.

**ANSWER:** Defendant admits the allegations of Paragraph Four.

5. Defendant Begolli has demanded $1,000,000 to settle the underlying claim against Fasteel and Luciw.

**ANSWER:** Defendant admits the allegations of Paragraph Five.

6. This Court has jurisdiction over this matter under 28 U.S.C. Section 1332 based on diversity of citizenship of the parties and the matter in controversy exceeds $75,000.

**ANSWER:** Defendant admits the allegations of Paragraph Six.

**BEGOLLI LAWSUIT**

7. On December 19, 2006, a lawsuit was filed in the Circuit Court of Cook County, Illinois under the caption, *Igballe begolli v. Robert Luciw, et al.*, Case No. 2006 L 013203 (the "Begolli Lawsuit"). A true and correct copy of the Complaint filed in the Begolli Lawsuit is attached hereto as Exhibit "A".

**ANSWER:** Defendant admits the allegations of Paragraph Seven.

8. Fasteel was served in the Begolli Lawsuit on or about December 19, 2006.

**ANSWER:** Defendant admits the allegations of Paragraph Eight.

9. Count II of the Begolli Lawuit includes the following allegations:

a. On or about November 27, 2006, Defendant ROBERT LUCIW, acting as an agent of FASTEEL, owned operated, managed, maintained and controlled a motor vehicle traveling in a northbound direction on Naperville/Plainfield Road, County of Will, State of Illinois.

b. On or about November 27, 2006, Defendant ROBERT LUCIW was acting as an agent of Defendant FASTEEL, an Illinois corporation.

c. On or about November 27, 2006, Defendant FASTEEL conducted significant business in the County of Cook and had multiple contacts in the County of Cook.

d. On or about November 27, 2006, Defendant FASTEEL, as principle for its agent, Defendant ROBERT LUCIW, had a duty to use ordinary care in the operation of the subject motor vehicle.

e. On or about November 27, 2006, Defendant ROBERT LUCIW, acting as an agent of FASTEEL, INC., caused the front of his vehicle to strike the rear end of the vehicle driven by Plaintiff IGBALLE BEGOLLI near the intersection of 111th and Naperville/Plainfield Road in the County of Will, State of Illinois.

f. On or about November 27, 2006, as a result of the heavy impact of Defendant, ROBERT LUCIW, acting as an agent of FASTEEL, striking the back portion of Plaintiff IGBALLE BEGOLLI's vehicle, Plaintiff's vehicle was pushed forward into the vehicle operated by KATHY BENCO.

g. On or about November 27, 2006, Defendant ROBERT LUCIW, acting as an agent of FASTEEL, breached his duty to use ordinary care and was negligent in one or more of the following ways:

1. Carelessly and negligently failed to operate and control said motor vehicle;

2. Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

3. Carelessly and negligently failed to operate his vehicle at a safe and reasonable speed;

4. Carelessly and negligently failed to slow his vehicle so as to avoid striking the vehicle driven by Plaintiff;

5. Carelessly and negligently failed to stop his vehicle so as to avoid striking the vehicle driven by Plaintiff; and

6. Was otherwise careless and negligent.

h. As a direct and proximate result of one or more aforesaid careless and negligent acts and/or omissions fo the Defendant ROBERT LUCIW, acting as an agent of FASTEEL, Plaintiff IGBALLE BEGOLLI was injured and suffered damages of a personal and pecuniary nature and continues to suffer from said injuries.

**ANSWER:** Defendant admits the allegations of Paragraph Nine.

## NAUTILUS POLICY

10. Nautilus issued Policy No. BN513870 (the "Nautilus Policy") to Fasteel. A true and correct copy of the Nautilus Policy is attached hereto as Exhibit "B".

**ANSWER:** Defendant admits the allegations of Paragraph Ten.

11. The Nautilus Policy is effective from January 27, 2006 to January 27 2007.

**ANSWER:** Defendant admits the allegations of Paragraph Eleven.

12. The Each Occurrence Limit of the Nautilus Policy is $1,000,000, and the General Aggregate Limit is $2,000,000.

**ANSWER:** Defendant admits the allegations of Paragraph Twelve.

13. The Nautilus Policy contains the following insuring agreement:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay

as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; that Nautilus Policy speaks for itself. Defendant otherwise denies the allegations of Paragraph Thirteen which are contrary to, or inconsistent with, the terms of that Nautilus Policy.

**ANSWER:** Defendant admits only that the Nautilus Policy No. BN513870 is attached as Exhibit "B" to the Plaintiff's Complaint for Declaratory Judgment and that Nautilus Policy speaks for itself. Defendant otherwise denies the allegations of Paragraph Thirteen which are contrary to, or inconsistent with, the terms of that Nautilus Policy.

14. The Nautilus Policy contains the following exclusion:

g. Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

**ANSWER:** Defendant admits only that the Nautilus Policy No. BN513870 is attached as Exhibit "B" to the Plaintiff's Complaint for Declaratory Judgment and that Nautilus Policy speaks for itself. Defendant otherwise denies the

allegations of Paragraph Fourteen which are contrary to, or inconsistent with, the terms of that Nautilus Policy.

15. The Nautilus Policy contains the following definition:

2. "Auto" means a land or motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

**ANSWER:** Defendant admits only that the Nautilus Policy No. BN513870 is attached as Exhibit "B" to the Plaintiff's Complaint for Declaratory Judgment and that Nautilus Policy speaks for itself. Defendant otherwise denies the allegations of Paragraph Fifteen which are contrary to, or inconsistent with, the terms of that Nautilus Policy.

**GROUNDS FOR DECLARATORY JUDGMENT**

16. At the time of the injury to Begalli alleged in the Begolli Lawsuit, Luciw was driving a boom truck that contained both a boom and a flatbed for purposes of transporting steel and other materials.

**ANSWER:** Defendant admits the allegations of Paragraph Sixteen.

______17. The boom truck was an "auto".

**ANSWER:** Defendant denies the allegations of Paragraph Seventeen and further affirmatively states that the vehicle being operated by the Defendant ROBERT LUCIW at the time of the incident alleged in the Begolli Lawsuit was a land vehicle defined as "Mobile Equipment" under Section V, Paragraph 12(d)(1) of the Nautilus Policy and the Defendant ROBERT LUCIW was an insured as defined under Section II, Paragraph 3 of the Nautilus Policy.

18. The "auto" exclusion precludes any actual or potential coverage for the claims stated against Fastee and Luciw in the Begolli Lawsuit.

**ANSWER:** Defendant denies the allegations of Paragraph Eighteen and further affirmatively states that because the vehicle being operated by the

Defendant ROBERT LUCIW at the time of the incident alleged in the Begolli Lawsuit was a land vehicle defined as "Mobile Equipment" under Section V, Paragraph 12(d)(1) of the Nautilus Policy and because the Defendant ROBERT LUCIW was an insured as defined under Section II, Paragraph 3 of the Nautilus Policy, the Nautilus Policy provides coverage for the incident alleged in the Begolli Lawsuit and the Plaintiff is obligated to pay any damages the Defendant FASTEEL, INC. may become legally obligated to pay as the result of the Begolli Lawsuit.

19. As a result of the application of the "Auto" exclusion, Nautilus has no duty to defend Fasteel or Luciw in connection with the Begolli Lawuit.

**ANSWER:** Defendant denies the allegations of Paragraph Nineteen and further affirmatively states that because the vehicle being operated by the Defendant ROBERT LUCIW at the time of the incident alleged in the Begolli Lawsuit was a land vehicle defined as "Mobile Equipment" under Section V, Paragraph 12(d)(1) of the Nautilus Policy and because the Defendant ROBERT LUCIW was an insured as defined under Section II, Paragraph 3 of the Nautilus Policy, the Nautilus Policy provides coverage for the incident alleged in the Begolli Lawsuit and the Plaintiff is obligated to defend the Defendant FASTEEL, INC. in that Begolli Lawsuit.

WHEREFORE, Defendant FASTEEL, INC. prays this Honorable Court as follows:

A. That this Court determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy.

B. That this Court find and declare that the Nautilus Policy does potentially or actually cover all or some portion of the claims brought against FASTEEL, INC. in the Begolli Lawsuit.

C. That this Court find and declare that the NAUTILUS INSUANCE COMPANY has the duty to defend FASTEEL, INC. and ROBERT LUCIW in connection with the Begolli Lawsuit.

D. That this Court award to FASTEEL, INC. reasonable attorney fees and court costs incurred by it in this action together with such additional compensation as may be authorized by Section 155(1) of the Illinois Insurance Code, 215 ILCS 5/155.

E. That this Court grant such other and further relief as the Court should deem equitable and just.

Respectfully submitted,

FASTEEL, INC.

By: /s/ Timothy H. Okal
Attorney for Fasteel, Inc.

SPINA, McGUIRE & OKAL, P.C.
7610 W. North Avenue
Elmwood Park, Illinois 60707
(708) 453-2800